IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANA BRIGGS | No. 25 CR 610<br><br>Judge Gabriel A. Fuentes |

**DEFENSE RESPONSE TO GOVERNMENT'S MOTION
FOR A PROTECTIVE ORDER**

Mr. Dana Briggs, by the Federal Defender Program and its attorney, Akane Tsuruta, respectfully requests that this Court deny the government's request for a protective order for the body-worn camera footage. Mr. Briggs states as follows:

1. The government moves for a protective order for body-worn camera (BWC) footage, among other materials, under Federal Rule of Criminal Procedure 16(d). Only the BWC is at issue.

2. The government seeks a protective order for the BWC because it shows the unmasked faces of law enforcement officers. The government has made no representations that any officers' names, addresses, phone numbers, or any such personal, identifying information is on the video. There is, moreover, no suggestion by the government that any of the officers were working in an undercover capacity or that they were involved in ongoing investigations.

1

3. Rule 16(d) provides that only "good cause" may warrant restricting discovery. The fact that the BWC reveals officers' unmasked faces is not good cause. In general, people have little privacy protection for their faces. In the Fourth Amendment context, the United States Supreme Court has stated, "Like a man's facial characteristics, or handwriting, his voice is repeatedly produced for others to hear. No person can have a reasonable expectation that others will not know the sound of his voice, any more than he can reasonably expect that his face will be a mystery to the world." *United States v. Dionisio*, 410 U.S. 1, 14 (1973) (addressing the issue of a compelled voice exemplar). *See also Rivera v. Google, Inc.*, 366 F. Supp. 3d 998, 1012 (N.D. Ill. 2018) (discussing facial biometrics in the context of common law privacy torts and noting that there was no evidence to dispute that the plaintiffs' faces were public).

4. While ordinary people generally have little privacy protection in their faces, the government contends here that federal law enforcement should be allowed to have their faces kept secret and to allegedly perform their official duties (an element of the charged offense) with their faces kept secret.

5. The government cites its own DHS press release about threats to ICE officers as a basis for the protective order. This is an overly broad allegation that does not support good cause. First, the officers in this case are not ICE officers. Second, the threats purported in the government's press release involve situations where the officers' private information, such as their home address, was known. That is not the situation here. If

there were any private information, the defense would agree to a protective order covering that information. The officer's unmasked faces, however, are not private information that warrants a protective order.

For the reasons stated above, Mr. Briggs respectfully requests that this Court deny the government's request for a protective order for the BWC.

Dated:  October 27, 2025

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John Murphy
Executive Director

By:    *s/ Akane Tsuruta*
Akane Tsuruta
Attorney for Dana Briggs


FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, Illinois 60603
(312) 621-8328